

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00076-CV

_____

KELLY COPLIN, Appellant

V.

GRANT MANN AND JENNIFER MANN, Appellees

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. C-11268

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Pending before this Court is Appellant Kelly Coplin's motion for new trial filed in accordance with Rule 34.6(f) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(f). Coplin contends that, although the reporter's record has been filed, a significant portion of the record appears to have been lost or destroyed. Evidently, the record was recorded via digital audio recording, and the transcription of that recording, according to Coplin, "begins in the middle of direct examination of appellant and is missing all prior proceedings in the trial, including the admission of Plaintiff's Exhibits 1–9."

Coplin further contends that the parties cannot agree whether or how the record can be completed with reasonable certainty.

Since Coplin has raised issues regarding the accuracy of the record after it has been filed in this Court, we will submit this dispute to the trial court for resolution under Rules 34.5(e) and 34.6(e) and (f) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.5(3), 34.6(e), (f). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rules 35.5(3) and 34.6(e) and (f), for the purposes of (1) determining whether all portions of the record to which the parties are entitled have been provided to them and filed with this Court and (2) identifying and correcting, if possible, any inaccuracies or deficiencies in the reporter's record.

We instruct the trial court to conduct an evidentiary hearing within fifteen days of the date of this order and to enter findings regarding the following:

1. Precisely what portions of the record Coplin (or any other party) claims are missing and/or what parts of the record Coplin (or any other party) claims are inaccurate.

2. For each error or omission identified in response to number 1 above, whether the issue can be resolved by agreement as contemplated by Rules 34.5(e) or 34.6(e)(1) of the Texas Rules of Appellate Procedure.

3. If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the record is corrected in accordance with the parties' agreement.

4. If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rules 34.5(e) and 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record.

5. For each error or omission identified in response to number 1 above, whether any missing exhibit or portion of the record has been lost or destroyed as contemplated by Rules 34.5(e) and 34.6(f) of the Texas Rules of Appellate Procedure.

6. For each exhibit or portion of the record that is determined to be lost or destroyed, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellant is entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record.

7.      We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing.  The reporter's record of the hearing, and any certified corrections to the reporter's record under Rule 34.6(e)(2), shall be filed in the form of a supplemental reporter's records within ten days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record.  We withdraw Coplin's current briefing deadline and will, if necessary, establish a new briefing schedule once the case is returned to our jurisdiction from abatement.

IT IS SO ORDERED.

BY THE COURT

Date:   November 19, 2020